## Turner v. Koehler, Appellant.

*Promissory notes—Evidence—Burden of proof.*

In an action upon a promissory note where the plaintiff declares in his statement that there is due and payable only one-half of the amount of the note, and such sum he seeks to recover, he may, under the usual rules of court, offer the note in evidence if there is no denial in the pleadings or affidavit of defense that the note was executed and delivered; and, after the admission of the note, the burden of proof is shifted to the defendant, and the latter cannot on cross-examination of the plaintiff introduce his defense in advance of the proper time.

In an action upon a promissory note it appeared that plaintiff was the creditor of a company in which the defendant was interested. The suit was brought for one-half the amount of the note. In addition to the note in suit the plaintiff held three notes of the company all of which had been executed by the defendant as its officer. These notes aggregated precisely one-half of the note in suit, and had been delivered by the plaintiff to the defendant when the note in suit was delivered. The testimony was contradictory as to why the note in suit was in twice the amount due to the plaintiff. The defendant testified that he never undertook to become personally liable to the payment of any part of the note sued upon. This was contradicted by the plaintiff. *Held,* that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued March 4, 1915. Appeal, No. 9, March T., 1915, by defendant, from judgment of C. P. Lackawanna Co., Oct. T., 1911, No. 613, on verdict for plaintiff in case of C. S. Turner, trading as C. S. Turner & Co. v. F. M. Koehler, trading as Koehler & Co. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit on a promissory note. Before NEWCOMB, J.

The note in suit was as follows:

$717.24.                 Scranton, Pa., April 8th, 1911.

Three months after date we promise to pay to the

order of C. S. Turner & Company, seven hundred and seventeen and 24-100 dollars, at the First National Bank of Scranton, Pa., without defalcation, for value received.

Koehler & Co.

Endorsed C. S. Turner & Co.

At the trial the court admitted in evidence the note in suit.    Exception (1).

When the plaintiff was on the stand he was asked this question on cross-examination:

"Q. What was Mr. Koehler indebted to you for?

"Mr. Carey.    The question is objected to as not cross-examination and as immaterial.

"The Court.    I guess the objection is good, isn't it?

"I will sustain the objection.    Exception noted for the defendant."    (2)

The court charged in part as follows:

["The note being in the possession of the plaintiff the law presumes that it stands for just what it purports to stand, namely, an obligation for that amount of money. The defense that Koehler makes being that there was a total failure of consideration, a total absence of any consideration, the law casts upon him the burden of proof.    The burden of proof is upon him to make good by the fair preponderance and fair weight of the evidence that his version of the transaction is true.    If the evidence in your judgment is equally balanced as between him on the one side, and the plaintiff, on the other, then your verdict will be for the plaintiff; much more so if the evidence in your judgment balance in favor of plaintiff will the verdict be in his favor.    For, aside from the note which so far as it goes supports the plaintiff's claim, you have the assertion of the defendant, on the one side, and the denial of the plaintiff, on the other, about it; and therefore it will be a pointed question for you to consider whether there is any preponderance of the evidence in favor of the defendant; bearing mind as I have stated to you that the burden of proof is cast by the law upon him."]    (3)

["Then, for the first time, says the plaintiff, he heard the suggestion of a note for double the amount of his claim, and that it came coupled with a request on the part of the defendant, not on his own but on the defendant's part, that he take the note in that amount and get it discounted, so that he, the defendant, could share in the advantages of the proceeds of the discounted note. So, says the plaintiff, 'I undertook to do that' but the effort to discount the note failed and is a matter about which we needn't waste any time."]    (4)·

["There in substance is the issue between these parties, except this circumstance which I think is worthy of consideration: The note in suit had its origin, or, at least, the consideration therefor originated in three notes aggregating $358.62, which were then held by the plaintiff against the drug company, in which Koehler was considerably, if not chiefly, interested.  There is evidence here tending to show that he was largely interested in the drug company, in both the original corporation and its successor, the limited copartnership; I don't know but there is evidence to show that he was the principal factotum of both enterprises—at all events, I think it is safe to say it appears that he was considerably interested."]    (5)

["It was in the indebtedness of the drug company to Turner that this present note had its origin.  Holding those three notes aggregating $358.62 at the time when the parties met at Wilkes-Barre, the defendant produces the note now in suit already made out in his own handwriting and in double the amount of the claim of $358.62, which he explains in the way I have already detailed. It is undisputed that then and there when he gave the plaintiff this note in suit he took from him a surrender of the three notes held by him against the drug company.  If that was the basis upon which the parties dealt, if that was one of the terms upon which the defendant gave his note now in suit to this plaintiff, to wit, upon the consideration that the evidence of the in-

debtedness which Turner held against the drug company should be surrendered to him, that would be a valid consideration for this note and would defeat the defense which the defendant sets up here, because that defense is absence of consideration, that the note was without consideration. If, I say to you, this plaintiff took defendant's note upon that condition, if the note was given to him upon the condition that he would give up the notes which he held against the drug company, and they were so exacted by this defendant, then he cannot say the present note was without consideration, because in law it would be founded upon a valid consideration and would entitle the plaintiff to recover, namely, to recover the amount of the three notes which he gave the defendant which aggregate the figure I have mentioned."]    (6)

Verdict and judgment for plaintiff for $416.54. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence quoting the bill of exceptions; (3-6) above instructions quoting them.

*W. S. Diehl,* with him *W. W. Watson,* for appellant.

*J. E. Sickler,* with him *H. D. Carey,* for appellee.

OPINION BY HEAD, J., July 21, 1915:

The plaintiff sues on a promissory note, a copy of which he attaches to his statement. Although upon its face the note was a promise to pay to the plaintiff $717.24, the latter declares in his statement there was then due and payable only the one-half of that amount, to wit, $358.62, and that sum he sought to recover. Neither in the pleadings nor the affidavit of defense was there any denial by the defendant that he executed and delivered the note. Under the rules of court in Lack-

awanna County, the plaintiff, with the pleadings in such condition, would be entitled to offer the note in evidence, and thereupon he has a prima facie case.

The defendant, not denying that such would be the operation of the rule in ordinary cases, contends that the situation was changed because the plaintiff was not seeking to recover the full amount of the face of the note sued on. He agrees that if the plaintiff had claimed all of it, the note would have been properly received in evidence, the plaintiff's first case would be complete, and the burden of proof would then be on the defendant to make good his defense. We cannot perceive why the rule is not operative because the plaintiff saw fit, in his statement, to declare there was then due and payable but one-half the note. That declaration was wholly to the advantage of the defendant. The defendant's promise was to pay not only the entire amount but any portion of it that became due and payable. If, for any reason satisfactory to the plaintiff, he chose to sue for and recover only the one-half of what appeared to be due unto him, that furnishes no sound reason for any change in the rules of pleading, nor would it shift from the defendant the burden of affirmatively establishing his defense to the payment of the portion of the debt sued for. The learned court below was right, therefore, in holding that the note should be received in evidence to support the plaintiff's claim and that thereupon the burden of proof shifted to the defendant. This being true, it necessarily followed it was not competent for the defendant to undertake, by cross-examination of the plaintiff, to introduce his defense in advance of the proper time. The first, second and third assignments of error are overruled.

The plaintiff was a creditor of a drug company in which the defendant was actively interested, not only as a stockholder but as an executive officer. To secure this indebtedness he held three notes of the company, all of which had been executed by this defendant as its

officer. These notes aggregated precisely one-half the face value of the note now in suit and exactly the amount herein sued for. These three notes were delivered by the plaintiff to the defendant when the latter executed and delivered to the plaintiff the note now in suit. Had the note last named been for the half of its face, or in other words for the amount of the three notes which the plaintiff surrendered, the transaction would present no difficulty at all. When it comes to an explanation of why the note was made in twice the amount due to the plaintiff, the testimony of the two parties, who alone knew the facts, radically differs. With this contradictory testimony we need not now concern ourselves further than to say that, as we read the charge of the learned trial judge, the controlling question was fairly and impartially submitted to the jury. If the testimony of the plaintiff were accepted by that body, undoubtedly he showed a right to recover the amount he sued for. If the defendant's testimony were believed, there was an entire failure of consideration because the note was never in fact discounted, and therefore the defendant declares his promise to pay was extinguished. Had the note been discounted, the defendant, as both parties agree, was to have received for his own use one-half the proceeds, the plaintiff neither claiming nor demanding more than the amount of the three notes he surrendered. In the event of such discount and the division of the proceeds, the defendant further asserts that he was to have been liable only for the one-half which he received and that the plaintiff would have remained liable for the one-half which he received. Manifestly this arrangement, if actually made, in no respect improved the situation of the plaintiff. The burden was clearly on the defendant to convince the jury that notwithstanding the giving of the note, he never undertook to become liable personally for the payment of any part of it. The verdict establishes that this contention was rejected. That being true, we are unable to see that the defendant suf-

fered any substantial injury because of the manner in which the case was submitted. As all of the remaining assignments of error complain of certain portions of the charge, they must all be overruled.

Judgment affirmed.